UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANKLIN RUPERT,

                                Petitioner,

        v.

JOSEPH H. NOETH, Superintendent,

                                Respondent.
_____

DECISION AND ORDER

17-CV-6373L

      Petitioner Franklin Rupert has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in New York State Supreme Court, Monroe County of burglary in the second degree (N.Y. Penal L. § 140.25[2]).  For the reasons that follow, the petition is denied.

## BACKGROUND

      At around 3:30 a.m. on January 17, 2011, Officer Michael Feldman of the Rochester Police Department ("RPD") responded to a call of a possible break-in at a home on Rogers Avenue, in Rochester, New York.  Additional relevant facts will be set forth below as necessary, but in short, Rupert was discovered inside the home (which was not his, and the owner of which was away at the time), and arrested.

      Shortly after Rupert's arrest, RPD Investigator Kevin Wehbring spoke to a woman who lived on Lois Avenue, about a half block away from the house where Rupert was arrested.  She told Investigator Wehbring that she had seen a man breaking into her screened-in porch on

January 12.  She triggered her alarm system and called 911, but by the time the police arrived, the intruder had ridden away on a bicycle.  When shown a photo array, the witness pointed to Rupert's picture and said, "That's him."

Rupert was charged by a Monroe County grand jury with two counts of second-degree burglary, stemming from these two separate incidents.  The case went to trial, and on October 26, 2011, the jury found Rupert guilty of the burglary of the Rogers Avenue property, but not guilty as to the Lois Avenue house.

The court then held a hearing to determine whether Rupert was a persistent violent felony offender ("PVFO").  Under New York's Penal Law, a person who is found to be a PVFO is subject to certain minimum sentences, and a maximum term of life imprisonment.  *See* Penal L. §§ 70.08, 70.04.  After the hearing, the court found that Rupert was a PVFO, and sentenced him to a term of imprisonment of 16 years to life, a sentence that he is currently serving.

On appeal, the Appellate Division, Fourth Department, affirmed.  136 A.D.3d 1311 (4th Dep't 2016).  The New York Court of Appeals denied leave to appeal.  27 N.Y.3d 1075 (2016).

Rupert filed his habeas petition in this Court on June 14, 2017.  He raises several grounds for relief, which will be addressed *seriatim*.

## DISCUSSION

### I. Admission of Petitioner's Statements

In his first claim for relief, Rupert asserts that his rights to due process and to a fair trial were violated by the trial court's admission of testimony about statements that Rupert made to the police around the time of his arrest.  He contends that this occurred at both the trial and the

PVFO hearing.  The basis for this claim is that the testimony in question was not identified either in the prosecution's notice pursuant to C.P.L. § 710.30, or at the pretrial *Huntley* hearing to determine the admissibility of Rupert's statements.

Section 710.30 generally requires the prosecution to give notice to a defendant if the prosecution intends to offer at trial "evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion" by the defendant.

This claim suffers from several defects, the most glaring of which is that "alleged violations of C.P.L. § 710.30 are not cognizable on federal habeas review." *Festus v. Noeth*, No. 17-CV-3941, 2020 WL 7042666, at *14 (E.D.N.Y. Nov. 30, 2020).  That is in keeping with the well established rule that alleged violations of state law do not give rise to federal habeas claims. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions").  *See also Carmel v. Graham*, No. 17-CV-6050, 2020 WL 6505168, at *10 (W.D.N.Y. Nov. 5, 2020) ("Petitioner's contention that the prosecutor was required to provide a notice under CPL § 710.30 ... is not cognizable").

In addition, the Appellate Division held that this claim was not preserved for review because of Rupert's failure to object to the police officers' testimony.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explaining that when a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

Petitioner has shown neither cause for his default nor prejudice. He simply failed to raise this issue in a timely fashion in state court. Even if he had interposed a timely objection, there is no reason to think that the objection would have been sustained. The statements in question appear to have been made spontaneously, and not as the result of custodial interrogation. *See People v. Houze*, 177 A.D.3d 1184, 1186 (3d Dep't 2019), *leave to appeal denied*, 34 N.Y.3d 1159 (2020). Furthermore, the evidence of Rupert's guilt was overwhelming, so even if by some stretch of the imagination the admission of these statements could be considered erroneous, they could have had no effect on the outcome of the proceeding. To the extent that this claim relates to the admission of Officer Feldman's testimony at the PVFO hearing, it also fails because by its terms, § 710.30 only applies to the introduction of evidence *at trial*.

## II. Sentencing Court's PVFO Determination

Rupert contends that the state court's PVFO determination was flawed in some respects, regarding his custodial history. Under New York law, a finding that a person is a PVFO requires that his previous sentence was imposed not more than ten years before the commission of the felony for which he was most recently convicted. *See* N.Y. Penal L. §§ 70.04, 70.08.

Again, these involve matters of New York, not federal constitutional law. The Appellate Division affirmed the trial court's findings based on state law, and there is no indication that Rupert asserted any claims concerning this matter implicating any Federal constitutional right. Thus, this claim fails for essentially the same reasons as his claims concerning the admission of his statements.

### III. Assistance of Counsel

Rupert asserts that his attorney provided ineffective assistance in connection with the PVFO hearing. The Appellate Division summarily rejected this claim, "conclud[ing] that he received meaningful representation at the persistent violent felony offender hearing." 136 A.D.3d at 1312 (citing *People v. Baldi*, 54 N.Y.2d 137, 147 (1981)).

To prevail on such a claim, Rupert must not only overcome the "strong presumption" that his attorney's conduct fell "within the wide range of reasonable professional assistance," *Strickland v. Washington*, 466 U.S. 668, 689 (1984), but that his lawyer's deficient performance prejudiced his defense, meaning there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

On top of that, petitioner faces an additional hurdle: the high standard of deference that this Court owes to the state court's finding that he received constitutionally adequate assistance. *See*, *e.g.*, *Winfield v. Dorethy*, 956 F.3d 442, 451 (7th Cir. 2020). He would have to show that the state court's ruling is "so lacking in justification that there was an error ... beyond any possibility of fairminded disagreement." *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013). This "doubly deferential" standard, *id.* at 16, *Chelley v. New York*, __ F.Supp.3d __, 2020 WL 5992871, at *5 (W.D.N.Y. 2020), presents a "formidable barrier" to a habeas petitioner, *Burt*, 571 U.S. at 19, which Rupert falls far short of overcoming.

The record shows that Rupert's attorney ably represented him at the PVFO hearing, raising a number of objections and challenging the prosecution's proof. The handful of alleged errors asserted by petitioner are based on nothing but hindsight and speculation. In addition, petitioner has not demonstrated that he was prejudiced by counsel's alleged errors. None of the

actions that Rupert asserts his attorney should have taken would have precluded the state court's determination that he was a PVFO.

### IV.  Motion to Amend

In a letter postmarked February 20, 2018, and filed and docketed on February 23, 2018 (Dkt. #8), petitioner raises two new "issues":  that a prosecution witness should have been "dismissed" from testifying due to an alleged conflict of interest, and that his own statements to the police should not have been admitted because he had not been advised of his *Miranda* rights.

To the extent that Rupert is simply amplifying or attempting to buttress the claims he presents in his petition, the Court finds that they add nothing of substance to his prior arguments, and do not alter the result here.

Construing the letter as a motion to amend the petition, the Court denies the motion.  The "new issues" are unexhausted and procedurally barred.  Plaintiff did not present them for some eight months after he filed the petition in this case.  The limitations period on his habeas claims expired on August 8, 2017 (one year plus 90 days after the New York Court of Appeals denied his leave application), *see Wright v. LaClair*, No. 16-CV-6193, 2020 WL 4361680, at *4 (W.D.N.Y. July 30, 2020), and there is no basis for a finding that these newly asserted claims relate back to the date of filing of the original petition.

Finally, to the extent that any assertions made by Rupert, either in his petition or subsequent filings, are not expressly addressed in this Decision and Order, the Court has considered them and finds them to be without merit.

## CONCLUSION

For all the reasons stated above, there is no basis to grant habeas corpus relief in this case. Therefore, the petition for a writ of habeas corpus (Dkt. #1) is DENIED. The Court also denies issuance of a certificate of appealability because petitioner has failed to make a substantial showing of the denial of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 18, 2020.